# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WINSTON MCINTYRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18−cv−1748−NJR |
| | ) |
| JACQUELINE LASHBROOK, | ) |
| JOHN BALDWIN, and | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Winston McIntyre, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at Menard Correctional Center. Plaintiff requests injunctive relief and damages.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim

that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; this action is subject to summary dismissal.

**The Complaint**

Plaintiff was incarcerated at Menard Correctional Center from 1998 until November 2017, when he transferred to Pinckneyville. (Doc. 1, p. 6). Lashbrook was Warden of Menard on April 30, 2017, and she was responsible for setting policy at Menard, including policies regarding disabled inmates' cell assignments. *Id*. She also was responsible for setting policies that complied with the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA"). *Id*. Plaintiff alleges that the ADA and/or RA requires cells for disabled inmates to have rear and side grab bars. *Id*.

Plaintiff has an amputated foot that requires him to use grab bars for stability while standing to urinate. *Id*. As of April 30, 2017, Plaintiff was housed in a non-ADA compliant cell that lacked grab bars due to a lack of availability of ADA cells. *Id*. As a result of the lack of grab bars, Plaintiff fell and urinated on the floor multiple times. (Doc. 1, p. 7).

Plaintiff alleges that he fell while mopping water at Menard on April 30, 2017 and was knocked unconscious. *Id*. Plaintiff did not get medical attention immediately after this incident because the medical staff did not want to wade through water to get him. *Id*. Plaintiff filed grievances regarding this incident, but he never received proper medical care while at Menard. *Id*. Plaintiff continues to experience symptoms of a concussion at Pinckneyville, his present place of incarceration. *Id*.

**Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

> **Count 1 –** Lashbrook and Baldwin promulgated an unconstitutional policy of placing ADA inmates in non-ADA compliant cells that lacked grab bars in violation of the Eighth Amendment, ADA, and/or RA;
>
> **Count 2 –** Plaintiff did not receive adequate medical care after a slip and fall accident in violation of the Eighth Amendment.

The Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results "in the denial of 'the minimal civilized measure of life's necessities,'" and (2) where prison officials are deliberately indifferent to this state of affairs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Prisons must have adequate ventilation, sanitation, bedding, and hygiene products. *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Cir. 1987). Prison officials demonstrate deliberate indifference when they "know [] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn . . . and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff's claim regarding the grab bars in his cell does not establish an Eighth Amendment violation. Plaintiff alleges that he urinated on the floor and occasionally fell as a result of attempting to use the toilet, but he does not allege that he suffered any injuries as a result. Section 1983 is a tort statute, so plaintiff must have suffered a harm to have a cognizable claim. *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009); *Doe v. Welborn,* 110 F.3d 520, 523 (7th Cir. 1997). Moreover, Plaintiff has not actually alleged that he was deprived of use of the toilet, only that it more difficult to use while standing by the absence of grab bars. The Complaint is silent on whether Plaintiff could use the toilet while sitting. This fails to state a claim. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012).

Plaintiff's allegation that he suffered from a possible concussion in April 2017 is the kind of compensable harm that would state a claim for relief, but Plaintiff has not alleged that he suffered that fall *as a result of* attempting to use the toilet in his cell; he has alleged that he fell while mopping the floor. It is not clear from the Complaint that the fall even happened in Plaintiff's cell; an exhibit submitted by Plaintiff suggests that he was detailed to mop 1-gallery when the fall occurred. Accordingly, Plaintiff has not made a plausible allegation that the events of April 30, 2017 arose as a consequence of the policies espoused by Lashbrook or Baldwin, so as to establish that they acted with deliberate indifference. Plaintiff has not adequately stated a deliberate indifference claim as to Baldwin or Lashbrook

As to Plaintiff's claim against the IDOC under the ADA and RA, a plaintiff's inability to establish a constitutional violation forecloses an ADA private cause of action. *See Morris v. Kingston*, 368 F. App'x 686 (7th Cir. 2010). However, the relief available to a plaintiff under the RA is coextensive. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012); *compare* 29 U.S.C. § 794A *with* 42 U.S.C. § 12117 (both incorporating 42 U.S.C. § 2000e–5 for private right of action); *see Barnes v. Gorman,* 536 U.S. 181, 189 & n. 3 (2002). And, with respect to this lawsuit, the analysis governing each statute is the same, except that the RA includes as an additional element the receipt of federal funds, which all states accept for their prisons. *See Cutter v. Wilkinson,* 544 U.S. 709, 716 n. 4 (2005); *Gratzl v. Office of Chief Judges,* 601 F.3d 674, 678 (7th Cir. 2010); *Foley v. City of Lafayette, Ind.,* 359 F.3d 925, 928 (7th Cir. 2004); *Ozlowski v. Henderson,* 237 F.3d 837, 842 (7th Cir. 2001). But the RA does not require the same sovereign immunity analysis or an underlying constitutional violation to accord relief. *Jaros*, 684 F.3d at 672 (citing *Duran v. Town of Cicero, Ill.,* 653 F.3d 632, 639 (7th Cir. 2011) (plaintiffs may have but one recovery).

The Court finds, however, that Plaintiff also has failed to state a claim under the RA. To state a claim under the RA, a plaintiff must allege (1) that he is a qualified person, (2) with a disability, and (3) the Department of Corrections denied him access to a program or activity because of his disability. *See* 29 U.S.C. § 705(2)(B); *Jaros*, 684 F.3d at 672; *Wis. Cmty. Serv. v. City of Milwaukee,* 465 F.3d 737, 746 (7th Cir. 2006); *Foley,* 359 F.3d at 928; *Grzan v. Charter Hosp. of Nw. Ind.,* 104 F.3d 116, 119 (7th Cir. 1997). The RA has been found to contain an implied duty to accommodate. *Jaros*, 684 F.3d at 672.

Courts have found that the meals and showers made available to inmates constitute a "program or activity" despite the fact that incarceration itself is not. *See Cassidy v. Ind. Dep't of*

*Corr.*, 199 F.3d 374, 375 (7th Cir. 2000); *Crawford v. Ind. Dep't of Corr.*, 115 F.3d 481, 483 (7th Cir. 1997). But as stated above, Plaintiff has not provided sufficient allegations that would make it plausible that he was denied access to the toilets on the same basis as other inmates. Accordingly, the Court will dismiss Count 1 without prejudice for failure to state a claim.

As to Count 2, it is clear that this claim cannot be brought against the IDOC, and thus this count also must be dismissed at this time. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages). As discussed above, there does not appear to be a connection between whether Plaintiff's cell was ADA complaint and the events of April 30, 2017, which occurred while Plaintiff was out of his cell. Plaintiff also has not alleged that the mopping itself placed him at risk of serious harm or that Lashbrook or Baldwin were aware that (1) the mopping would place Plaintiff at a risk of serious harm, or (2) Plaintiff had been detailed to mop that day. He also has not alleged that Lashbrook and Baldwin were aware of the alleged delays on seeking medical treatment. It does not appear that Lashbrook or Baldwin were personally involved in the events of April 30, 2017 or promulgated policies that led to those events. Plaintiff also has not named any of the individuals whom he alleges actually delayed his care as defendants in this lawsuit. Count 2 likewise will be dismissed for failure to state a claim because Plaintiff has not associated this claim with a named defendant.

Should Plaintiff attempt to replead Count 2, he should keep the criteria for joinder of claims in mind. Claims that arise out of separate transactions or occurrences do not belong in the same lawsuit. *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This also applies to Plaintiff's claims regarding the continued lack of medical

treatment he has received at Pinckneyville; there is no allegation that Baldwin or Lashbrook are involved in that conduct.

**Pending Motions**

Plaintiff has brought a motion requesting appointment of counsel. A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Servs.*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

The court finds that Plaintiff has met his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). Nonetheless, the Court finds that Plaintiff is competent to represent himself at this time, as his pleadings are clear and easy to understand. Although Plaintiff has represented that he has memory problems and he relies on a Pinckneyville jailhouse attorney, he has been able to explain events that happened at Menard, presumably prior to meeting the jailhouse lawyer, which suggests that his memory is up to the task

of preparing an amended complaint. The Court therefore sees no reason to appoint counsel at this time, and his motion (Doc. 3) is **DENIED**. Should this case increase in complexity, Plaintiff may ask for a lawyer again.

Plaintiff also requests the issuance of a preliminary injunction. Injunctions are extraordinary equitable remedies that are to be granted in civil cases only when specific criteria are clearly met by the movant. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). A plaintiff must show four elements for an injunction: (1) he is likely to succeed on the merits; (2) without an injunction irreparable harm against the plaintiff is likely; (3) the harm likely to be suffered by the plaintiff would be greater than the harm the injunction would inflict on defendants; and (4) the injunction is in the public interest. *Id.* The greater the likelihood that the plaintiff will succeed on the merits of the case, the less significant the likely harm against the plaintiff must be in relation to the harm the defendant will likely suffer due to an injunction. *Id*.

Plaintiff requests that the Court order IDOC medical staff to send him to an outside medical provider in order to diagnose and treat his concussion-related symptoms. Unfortunately, however, Plaintiff has not named any IDOC medical staff person as a defendant in this action, and the Court does not understand the Complaint to be raising claims against the medical staff at Pinckneyville. The relief Plaintiff requests is outside the scope of the Complaint. Plaintiff is no longer in Lashbrook's custody or control, and the Court cannot compel her to order treatment. Moreover, the events Plaintiff complains about occurred at Menard. Plaintiff is now at Pinckneyville. A transfer of prisons moots a request for injunction relief based on events that occurred at a prison at which the plaintiff is no longer incarcerated. *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

Additionally, the Court has found that the Complaint as currently drafted fails to state a claim, which makes it impossible for Plaintiff to prove that he is likely to succeed on the merits. Accordingly, Plaintiff's request for injunctive relief (Doc. 4) is **DENIED**.

**Disposition**

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice** for failure to state a claim. Plaintiff's Motion for Appointment of Counsel (Doc. 3) and his Motion for Injunction are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to his Eighth Amendment, ADA, and RA claims **on or before November 19, 2018**). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its Section 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  October 18, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**