IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WINSTON MCINTYRE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JACQUELINE LASHBROOK, ) <br> HUNTER, ) <br> SUSAN CURT, and ) <br> RAYBURN, ) <br> ) <br> Defendants. ) | Case No. 18−cv−1748−NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Winston McIntyre, an inmate of the Illinois Department of Corrections who is currently incarcerated in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Amended Complaint, Plaintiff alleges Defendants were deliberately indifferent to an accident he suffered while mopping, in violation of the Eighth Amendment. Plaintiff seeks equitable relief and damages.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Amended Complaint

Plaintiff filed this case on September 20, 2018 (Doc. 1), but his Complaint was dismissed for failure to state a claim on October 18, 2018. (Doc. 7). Plaintiff filed an Amended Complaint on October 22, 2018. (Doc. 8).

According to the allegations in the Amended Complaint, Hunter ordered Plaintiff to clean up flood waters on April 30, 2017. (Doc. 1, p. 2). Plaintiff objected on the grounds that he has an amputated foot and his special footwear to compensate was not water-resistant. *Id*. Hunter threatened to send Plaintiff to segregation for not following orders, so Plaintiff began to mop. *Id*. Shortly thereafter, Plaintiff slipped and was knocked unconscious. *Id*.

Curt was called to respond to Plaintiff's accident but refused to come, making the guards escort Plaintiff to health care. *Id*. She could have referred Plaintiff to an outside hospital but refused to do so. *Id*. Several hours later, Plaintiff told Rayburn that his symptoms had worsened, but she ignored him. *Id*.

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

**Count 1:** Hunter was deliberately indifferent to the risk of falling when he ordered Plaintiff, an amputee, to mop up after a flood in violation of the Eighth Amendment;

**Count 2:** Curt and Rayburn failed to adequately treat Plaintiff's injuries resulting from his fall in violation of the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). To state a claim for deliberate indifference to a serious medical need, an inmate must show (1) that he suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). The Court finds that Plaintiff has made plausible allegations that Hunter ignored the risk of harm posed to Plaintiff as an amputee by forcing him to mop in wet conditions. Additionally, the Court finds that Curt and Rayburn were plausibly deliberately indifferent to the risks posed by Plaintiff's potential concussion when they denied and/or delayed him treatment. Accordingly, the Court will order service on Counts 1-2.

Plaintiff has also named Jacqueline Lashbrook, the Warden of Menard, as a defendant in this action. Yet Plaintiff's statement of claim fails to mention her. This precludes Plaintiff from holding her personally liable for damages. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Lashbrook is an appropriate party, however, to effectuate Plaintiff's request for injunctive relief. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The suit will proceed against Lashbrook only in her official capacity for the purposes of injunctive relief.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Finally, Plaintiff has requested injunctive relief, but he has not requested a preliminary injunction. Should he wish to request a preliminary injunction, he should file a separate motion on that point.

### **Disposition**

**IT IS HEREBY ORDERED** that Counts 1-2 survive threshold review against Hunter, Curt, and Rayburn. Lashbrook is an appropriate party for injunctive relief.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Hunter, Curt, Rayburn, and Lashbrook: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  December 21, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**