IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WINSTON MCINTYRE,<br><br>    Plaintiff,<br><br>v.<br><br>FRANK LAWRENCE, OFFICER PAUL HUNTER, SUSAN KIRK, and CHRISTI RAYBURN,<br><br>    Defendants. | Case No. 18-cv-1748-NJR-RJD |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a Report and Recommendation of United States Magistrate Judge Reona J. Daly (Doc. 39), which recommends that the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Paul Hunter, Susan Kirk, Christi Rayburn, and Frank Lawrence be granted.

The Report and Recommendation was entered on October 20, 2019. After being granted an extension of time, Plaintiff Winston McIntyre ("McIntyre") filed an objection to the Report and Recommendation on December 2, 2019 (Doc. 44).

## BACKGROUND

McIntyre, an inmate of the Illinois Department of Corrections ("IDOC"), was incarcerated at Menard Correctional Center ("Menard") at the time he initiated this lawsuit. McIntyre alleges that Defendant Hunter ordered him to mop up flood waters despite having an amputated foot and insufficient footwear and, as a result, he slipped and was knocked unconscious on April 20, 2017. McIntyre alleges that he was provided inadequate medical treatment by Nurses Kirk and Rayburn following his fall. He proceeds on the following

claims:

> **Count 1**: Hunter was deliberately indifferent to the risk of falling when he ordered McIntyre, an amputee, to mop up after a flood, in violation of the Eighth Amendment.
>
> **Count 2**: Kirk and Rayburn failed to adequately treat McIntyre's injuries resulting from his fall in violation of the Eighth Amendment.

Defendant Lawrence, the warden of Menard, is named in his official capacity only for the purpose of carrying out any injunctive relief.

On May 2, 2019, Defendants filed a Motion for Summary Judgment based on failure to exhaust administrative remedies (Docs. 25 and 26). Specifically, they assert that McIntyre did not file any grievances complaining of his April 20, 2017 fall, or his subsequent medical treatment for injuries sustained in the fall. On June 3, 2019, McIntyre filed a response, arguing that he did not receive his grievance back from his counselor (Doc. 28). He also attached two undated emergency grievances to his response, as well as a grievance dated August 31, 2017.

On October 16, 2019, Magistrate Judge Daly held a hearing on Defendants' Motion for Summary Judgment pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

## THE REPORT AND RECOMMENDATION

Magistrate Judge Daly recommends granting Defendants' Motion for Summary Judgment. First, Judge Daly found that no grievance in the record exhausted the available administrative review process. The only grievance in the record for which there is an institutional response is the grievance dated August 31, 2017, and McIntyre's counselor responded to this grievance on September 11, 2017. Although McIntyre contends that he submitted this grievance to the grievance officer, Judge Daly did not find his testimony to be credible. She specifically noted that it is contradicted by the record in this case.

Second, Judge Daly made the same finding with regard to the undated emergency

grievances. She reasoned that the grievances received no institutional response and there is no evidence to substantiate McIntyre's assertion that he submitted them for review to the warden. The grievances were not dated and McIntyre was unable to provide any particular timeframe in which they may have been submitted. Judge Daly noted that McIntyre submitted a letter to the warden in July 2017 indicating that he sent two emergency medical grievances about two months prior, but it is not clear from this letter whether McIntyre was speaking about the undated grievances in the record or other grievances, not is it clear if McIntyre was complaining about medical issues related to this lawsuit.

Lastly, Judge Daly considered McIntyre's testimony that he submitted a grievance dated May 30, 2017 to the warden and did not receive it back. She acknowledged Lashbrook's admission that this grievance was received as a non-emergency and should have been directed toward staff, not Lashbrook. Judge Daly noted that, although there was a question as to what occurred with this grievance, there is no evidence concerning the contents of this grievance. Thus, Judge Daly could not conclude that this grievance addressed the claims pending in this lawsuit and named or sufficiently described any of the defendants, as required by the Illinois Administrative Code.

## DISCUSSION

Here, McIntyre has filed a timely objection to a portion of the Report and Recommendation. When timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). This requires the Court to look at all evidence contained in the record and give fresh consideration to those issues to which specific objections have made and make a decision "based on an independent review of the evidence

and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). If only a "partial objection is made, the district judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper,* 824 F. Supp. at 788.

McIntyre objects arguing that a genuine issue of material fact exists concerning whether prison officials thwarted his efforts to exhaust his administrative remedies when they failed to respond to his emergency grievances. In support of his objection, he attaches a letter that he sent to his counselor Misti Price dated June 1, 2017 (Doc. 44, p. 14). In that letter, McIntyre asserts he sent three grievances, two of which were emergency medical grievances, in the last month (*Id*.). McIntyre explains that the two emergency grievances were sent back after Lashbrook found they did not present an emergency. McIntyre asserts that he sent these grievances to his counselor, Ms. Price, and it has been thirty days and he still hasn't heard back from her (*Id*.).

After writing this letter to his counselor, McIntyre wrote a letter to Lashbrook, which has already been submitted into evidence and considered by Judge Daly. McIntyre explains that, some time later, his new counselor Mrs. Rodely informed him that she did not have any grievances from him.

This letter to Misti Price fails to indicate whether McIntyre was speaking about the two undated emergency grievances in the record or other grievances, and it is not clear from this letter whether he was complaining about medical issues related to this lawsuit. The undersigned also notes that Judge Daly made credibility determinations at the *Pavey* hearing,

and those determinations are entitled to deference. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011); *see also Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("*[D]e novo determination* is not the same as a *de novo hearing*. The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations.") (emphasis added). None of the arguments asserted in McIntyre's objection leads the Court to believe that summary judgment should be denied. Thus, the Court grants summary judgment as to Defendants Lawrence, Hunter, Kirk and Rayburn.

### CONCLUSION

For these reasons, the Court **ADOPTS** Magistrate Judge Daly's Report and Recommendation (Doc. 39), **OVERRULES** McIntyre's Objection (Doc. 44), and **GRANTS** the Motion for Summary Judgment filed by Defendants (Doc. 25). Because McIntyre has failed to exhaust his administrative remedies prior to filing this lawsuit, the case is **DISMISSED without prejudice**. The case is **CLOSED**, and judgment will be entered accordingly.

**IT IS SO ORDERED.**

**DATED:   December 13, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**